**BLD-233**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1543
_____

MARY CATHERINE BAUR,

Appellant

v.

KAREN WERTHEIMER; AMANDA LAWRENCE; DAVID A. CICOLA; TODD
SEELING; PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-01965)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 23, 2013)
_____

OPINION
_____

PER CURIAM

Mary Catherine Baur, proceeding pro se, appeals from the District Court's order entered January 25, 2013. Because this appeal does not present a substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

I.

In March 2011, Baur commenced a civil rights action against several of her former coworkers at the Pennsylvania Department of Labor and Industry (L&I)—namely, Karen Wertheimer, Amanda Lawrence, David Cicola, and Todd Seelig. In the complaint, Baur alleged—among many other things—that the defendants had interfered with her ability to obtain new work after she was terminated from L&I in October 2006. Baur subsequently amended her complaint.

The defendants moved to dismiss the amended complaint. By order entered January 25, 2013, the District Court granted in part and denied in part the motion. The court first explained that many of Baur's claims had already been presented and ruled upon in a separate civil rights suit that she had filed against the same defendants. See Baur v. Crum, E.D. Pa. Civ. No. 08-cv-1222. According to the court, the only allegations that were not (or could not have been) made in the previous suit were that the defendants: (1) requested that the Pennsylvania Civil Service Commission remove her name from the list of individuals eligible to serve as unemployment compensation referees; and (2) mishandled inquiries from prospective employers—including her current employer, the Internal Revenue Service. With respect to the first issue, the District Court determined

2

that the amended complaint was devoid of any specific factual allegations against Wertheimer, Seelig, or Cicola, and found that this potential claim could proceed against defendant Lawrence only. The District Court then explained that, in considering this allegation, along with Baur's allegation that the defendants had mishandled inquiries from prospective employers, it was unable to determine precisely what causes of action Baur intended to assert against which defendants, and what facts might potentially support such claims. See Fed. R. Civ. P. 8(a). Therefore, the District Court instructed Baur to file, within 30 days, a second amended complaint in support of these two potential claims. Rather than filing a second amended complaint, Baur filed a notice of appeal.

## II.

Normally, an order that dismisses a complaint without prejudice is not immediately appealable under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Such an order becomes appealable, however, if the plaintiff "declares [her] intention to stand on [her] complaint" instead of amending it. Id. at 952. When the District Court has provided a set amount of time within which to amend, and the plaintiff fails to do so, the Court may conclude that the plaintiff elected to stand on her complaint. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992); see also Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009) (concluding that plaintiffs stood on their complaints because they filed notices of appeal rather than

3

amending within specified time period); <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007) (same). Because Baur filed a notice of appeal instead of amending her complaint within the allotted 30 days, and because her filings in this Court do not suggest that she will attempt to submit a second amended complaint, we conclude that Baur has elected to stand on her complaint. Therefore, we have jurisdiction over this appeal.

Having determined that jurisdiction is proper, we will summarily affirm the District Court's order. First, we agree with the District Court that many of Baur's claims were barred by the doctrine of res judicata because they were, or could have been, brought in her previous civil rights suit. <u>See</u> <u>United States v. Athlone Indus. Inc.</u>, 746 F.2d 977, 983 (3d Cir. 1984). We also agree with the District Court that Baur's amended complaint is devoid of any specific factual allegations against defendants Wertheimer, Seelig, or Cicola regarding the Civil Service List claim, and that the remainder of the amended complaint—as it stands—does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a). <u>See</u> Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (explaining that a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). Dismissal was therefore appropriate.

III.

4

Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.